Bell, J.,
dissenting. The basic concept by which the Tax Commissioner, the Board of Tax Appeals and this court are to be guided in determining questions arising under the tax exemption here under consideration is whether particular tangible property is “used in business” in Ohio. In my opinion, the General Assembly, being aware of the limitations upon its power to impose a tax on goods in interstate commerce, intended to exempt from the tax only that property which it knew it could not tax, i. e., property belonging to a nonresident and held temporarily in storage only in Ohio while enroute to a destination outside Ohio.
I am aware that this court has specifically rejected this theory. I am equally of the opinion, however, that the rejection of that theory has led to the development of artificial and in many instances unworkable formulae such as those based on distance and the use of public highways as set out in the Grinnell case.
In my opinion, “material, parts, products, or merchandise” *86 is “kept on hand” if it is to be used in manufacturing by the taxpayer, whether snch use is to be in a plant next door to where the goods are stored (kept on hand) or in a plant across the street or in a plant one, two, five or a hundred miles away. In any of those cases, the “material, parts, products, or merchandise” is being kept by the taxpayer to be used by the taxpayer in business or manufacturing in Ohio.
Consequently, I dissent from the judgment agreed upon by the majority in each of the present cases.